UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | | |
|---|---|---|
| MIDLAND NATIONAL LIFE INSURANCE COMPANY, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | CAUSE NO.  1:06-CV-00066 |
| ASH FINANCIAL HOLDINGS GROUP, INC., ASH BROKERAGE CORPORATION, et al., | ) ) ) ) | |
| Defendants. | ) | |

### OPINION AND ORDER

Before the Court is a motion to strike (Docket # 45) filed by Defendants Ash Financial Holdings Group, Inc., Ash Brokerage Corporation, and Timothy Ash (collectively referred to herein as "Ash"), requesting that the Court strike paragraph twenty-four of the Complaint filed by Plaintiff Midland National Life Insurance Company, which references a Tolling Agreement between the parties.  Ash contends that the allegations in the paragraph were "made for an improper purpose" in violation of the terms of the Tolling Agreement. (Mot. to Strike Pursuant to Rule 12(f) of the Federal Rules of Civil Procedure at 1.)

Ash's argument, however, is unpersuasive, and thus its motion to strike will be DENIED.

### I.  FACTUAL AND PROCEDURAL BACKGROUND

On March 7, 2006, Midland filed a Complaint against the Defendants, seeking to recover losses it allegedly incurred as a result of underwriting services performed by Ash from 2001 to 2003. (Docket # 1.)  In paragraph twenty-four of the Complaint, Midland alleged: "On August 6, 2004, Ash Brokerage, Ash Financial, and Timothy Ash entered a Tolling Agreement with

Midland agreeing to toll any applicable statutes of limitations or repose 'for any claims, defenses, causes of action, rights to payment, equitable remedies, and/or legal remedies' arising out of or relating to Ash Brokerage's underwriting services."[1] (Compl. ¶ 24.)

On May 3, 2006, Ash filed its Answer to the Complaint, asserting various affirmative defenses, including that of "the doctrine of laches." (Answer and Affirmative Defenses at 37.) On that same day, Ash filed the instant motion, contending that paragraph twenty-four of the Complaint should be stricken as "immaterial, impertinent, or scandalous matter" pursuant to Rule 12(f), because the parties to the Tolling Agreement "agreed that its use as evidence would be limited to defending against any statute of limitations or repose defense, and no such statute of limitations or repose defense has been pleaded" here by Ash. (Mot. to Strike at 1.)

## II.  APPLICABLE LEGAL STANDARD

Parties may move to strike from the pleadings "any redundant, immaterial, impertinent, or scandalous matter" under Rule 12(f) of the Federal Rules of Civil Procedure.  Because such a motion can be a vehicle for delay, it is generally not favored, is viewed as a "drastic" remedy, and is infrequently granted. *Heller Fin., Inc. v. Midwhey Powder Co., Inc.*, 883 F.2d 1286, 1294 (7th Cir. 1989); *Abdulrahim v. Gene B. Glick Co., Inc.*, 612 F. Supp. 256, 260 n.1 (N.D. Ind. 1985); 5C Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure: Civil 3d* §

---

[1] Ash states that paragraph four of the Tolling Agreement provides:

> By this Agreement, the parties do not acknowledge that either party or any other party has or possesses a valid claim or defense, nor shall this Agreement constitute or be deemed an admission of liability or wrongdoing by either party.  This Agreement shall not be used or referred to in any proceeding except for the purpose of establishing, if the matter be contested, the tolling of the statute of limitations or repose as provided in this Agreement.

(Mem. in Supp. of Mot. to Strike at 2.)

2

1380.  Nevertheless, a motion to strike can serve to remove "unnecessary clutter from the case" and expedite the proceedings. *Heller Fin.*, 883 F.2d at 1294.  The decision whether to strike material under Rule 12(f) is within the discretion of the district court. *Talbot v. Robert Matthews Distrib. Co.*, 961 F.2d 654, 665 (7th Cir. 1992).

### III.  DISCUSSION

Ash contends that paragraph twenty-four of Midland's Complaint should be stricken pursuant to Rule 12(f) because its reference to the Tolling Agreement between the parties is "immaterial, impertinent, or scandalous matter."  Despite Ash's contentions, the instant circumstances do not warrant the drastic remedy of granting a motion to strike.

Midland contends that it referenced the existence of the Tolling Agreement in its Complaint "merely to explain why [it] delayed filing suit until March 7, 2006." (Midland's Resp. to the Ash Defs.' Mot. to Strike at 2.)  It asserts that the Tolling Agreement is indeed material, as Ash asserted in its Answer at least one defense – "the doctrine of laches" – that is precluded by the terms of the Tolling Agreement. (Midland's Resp. at 2.)

Ash, however, contends that Midland "is attempting to interpose the Tolling Agreement in this proceeding for a purpose not permitted by the very terms of the Tolling Agreement." (Mem. in Supp. of Mot. to Strike at 2.)  To elaborate, Ash asserts that it has not advanced a statute of limitations or repose defense here, and thus Midland's introduction of the Tolling Agreement in the Complaint is "immaterial, impertinent, or scandalous matter."  Ash further argues that "[a]t the time the Complaint was *filed*, the matter could not have been contested, as the laches defense had not been raised at the time." (Reply to Midland's Resp. to the Ash Defs.' Mot. to Strike at 2 (emphasis added).)

3

In short, Midland offers a reasonable explanation, which Ash fails to adequately dispute, for including a reference to the Tolling Agreement in its Complaint. Certainly the Tolling Agreement does not conclusively appear immaterial to the dispute, at least at this early stage of the proceedings. *See Talbot*, 961 F.2d at 664 (stating that allegations in a complaint may be stricken under Rule 12(f) "if the matter bears no possible relation to the controversy"). Furthermore, Ash never contends, much less describes how, it is prejudiced by Midland's reference to the Tolling Agreement in the Complaint, *see id.* (articulating that allegations in a complaint may be stricken under Rule 12(f) if the material "may cause the objecting party prejudice"), but merely asserts that the reference "is in violation of," and a "breach of contract" of, the terms of the Tolling Agreement. (Mem. in Supp. of Mot. to Strike at 2; Reply at 2.)

Moreover, in filing its motion Ash is, in essence, requesting that the Court prematurely interpret the terms of the Tolling Agreement and the intent of the parties upon entering into it. In *Middleby Corp. v. Hussmann Corp.*, No. 90 C 2744, 1991 WL 136018, at *4 (N.D. Ill. July 18, 1991), the court denied a motion to strike that would have first entailed "discern[ing] the meaning of the contractual provisions at issue and the parties' intent in drafting the various provisions," opining that "[a] motion to strike is not the appropriate vehicle for resolving these issues." *See generally Risetime, Inc. v. Colorado Customware, Inc.*, No. 03 C 4457, 2003 WL 22478762, at *2 (N.D. Ill. Oct. 31, 2003) (denying a motion to strike plaintiff's request for relief from its complaint on the grounds that the requested relief was not available under the contract, where the question of how the contract should be interpreted was heavily disputed by the parties and was "complicated by factual disagreements"); *Sun Chem. Corp. v. Illinois Asset Mgmt., Inc.*, 95 C 2376, 1995 WL 437520, at *2 (N.D. Ill. July 21, 1995) (denying a motion to strike a

4

material breach of contract affirmative defense, stating that "[s]uch issues can best be determined once the parties have had an opportunity for discovery and, if appropriate, proceed to file motions for summary judgment").  Ash furthers its request for contract interpretation in its reply brief, raising issues pertaining to the "timing" of the Tolling Agreement. (*See* Reply at 2.)  Such contract interpretation is not appropriate at this stage of the proceedings, particularly in light of the fact that the Court does not know the context in which the Tolling Agreement was entered into.

Clearly, Ash has fallen short of demonstrating that the reference to the Tolling Agreement in Midland's Complaint is "immaterial, impertinent, or scandalous matter."  Accordingly, the drastic remedy of granting a motion to strike in the instant circumstances is not warranted, and thus Ash's motion will be denied.

### IV.  CONCLUSION

For the reasons stated herein, Defendants' motion to strike (Docket # 45) is DENIED.  SO ORDERED.

Enter for the 8th day of August, 2006.

                                              S/Roger B. Cosbey
                                              Roger B. Cosbey,
                                              United States Magistrate Judge