UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| **MIDLAND NATIONAL LIFE INSURANCE COMPANY,** | ) ) ) |
| Plaintiff, | ) ) |
| v. | )   CAUSE NO.  1:06-CV-66 ) |
| **ASH FINANCIAL HOLDINGS GROUP, INC., et al.,** | ) ) ) |
| Defendants. | ) ) |

## OPINION AND ORDER

Before the Court are two competing motions, one filed by the Plaintiff and one filed jointly by the Defendants, each seeking approval of a proposed protective order. (Docket # 82-84.)  The Court will take the Plaintiff's motion under advisement, but will DENY the Defendants' motion, as their proposed order contains a major defect.

Rule 26(c)(7) of the Federal Rules of Civil Procedure allows the Court to enter a protective order for good cause shown. *See Citizens First Nat'l Bank of Princeton v. Cincinnati Ins. Co.*, 178 F.3d 943, 946 (7th Cir. 1999).  However, the protective order submitted by the Defendants provides no basis for finding good cause, as the definition of "Confidential" in their proposed order is impermissibly broad.  It seeks to protect, in addition to other information, "any document or information in the control of any party that discloses any parties' business strategy, proprietary information, trade secrets, or internal market assessments . . . ." (Defendants' Proposed Protective Order ¶ 2.)

A protective order must extend only to "properly demarcated categor[ies] of legitimately

confidential information." *Cincinnati Insurance*, 178 F.3d at 945-46 (noting that a broad protective order granting carte blanche discretion to a party is invalid).  Here, the phrase "business strategy, proprietary information, trade secrets, or internal market assessments" in the Defendants' proposed order creates a broad and faceless category of confidential information lacking in necessary specifics.[1] *See Lawrence E. Jaffe Pension Plan v. Household Int'l, Inc.*, No. 02 C 5893, 2004 WL 2663241, at *2 (N.D. Ill Sep. 29, 2004) (concluding that "internal business strategies" and "proprietary business information and strategies" were too broad too constitute categories of protectable information); *MRS Invs. v. Meridian Sports, Inc.*, No. IP 99-1954-C-F/M, 2002 WL 193140, at *1 (S.D. Ind. Feb. 6, 2002) (rejecting proposed categories of "proprietary information" and "trade secrets" absent further definition of the terms in a proposed protective order); *see also Cincinnati Insurance*, 178 F.3d at 945-46; *Cook Inc. v. Boston Scientific Corp.*, 206 F.R.D. 244, 248-49 (S.D. Ind. 2001); *Andrew Corp. v. Rossi,* 180 F.R.D. 338, 342 (N.D. Ill. 1998).

Furthermore, the proposed order is overly broad because it allows "any pleading, motion or other paper filed with the Court *containing or disclosing* any such Confidential material" to be filed under seal with the Court, (*see* Defendants' Proposed Protective Order ¶ 8 (emphasis added)), rather than incorporating a method to redact solely the confidential material. *See Cincinnati Insurance*, 178 F.3d at 945 ("[A] document that contains trade secrets may also contain material that is not a trade secret, in which case all that would be required to protect a party's interest in trade secrecy would be redaction of portions of the document.").

---

[1]Moreover, the incorporation of the phrase "any document or information in the control of any party that discloses any parties' business strategy . . . ." is confusing, as seemingly a designating-party would only designate its *own* confidential information, not that of another party, since it presumably would have no idea whether another party's information would fall within the protected category.

Indeed, if the Court were to approve this order, the parties would be in essence granted a "virtual carte blanche . . . to seal whatever portions of the record the party wanted to seal." *Cincinnati Insurance*, 178 F.3d at 944.  The Seventh Circuit has repeatedly held that such overly broad protective orders are invalid. *See, e.g., id.* at 945 (noting that a broad protective order granting carte blanche discretion to a party is invalid).

"Obtaining a protective order in an appropriate case need not be a[n] onerous task.  But such an order may not issue absent an appropriate showing of good cause, as well as adherence to the other limitations the Seventh Circuit has emphasized apply to such orders." *Shepard v. Humke*, 2003 WL 1702256, at *2 (S.D. Ind. March 28, 2003).  Of course, the Defendants may submit a revised protective order consistent with the requirements of Rule 26(c)(7) and Seventh Circuit case law, but what has been submitted thus far is inadequate.

For these reasons, the Court hereby DENIES approval of the proposed protective order submitted by the Defendants (Docket # 83, 84) and takes the Plaintiff's motion for a protective order (Docket # 82) under advisement.  SO ORDERED.

Enter for this 18th day of October, 2006.

S/ Roger B. Cosbey
Roger B. Cosbey,
United States Magistrate Judge

3